UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____

**This Document Relates to:**

ATS ACTIONS
_____

17-80535-CIV-MARRA (Ohio *Montes*)
18-80800-CIV-MARRA (remanded/severed *Does 1-144*)
07-60821-CIV-MARRA (*Carrizosa*)
08-80421-CIV-MARRA (N. J. Action) (*Does 1-11*)
08-80465-CIV-MARRA (D.C. Action) (*Does 1-144*)
08-80508-CIV-MARRA (*Valencia*)
08-80480-CIV-MARRA (*Manjarres*)
10-60573-CIV-MARRA (*Montes*)
17-81285-CIV-MARRA (D.C. Action) (*Does v Hills*)
18-80248-CIV-MARRA (*John Doe 1*)
_____/


# VERDICT

We, the jury, find as follows:

1. Did the Plaintiffs prove by a preponderance of the evidence that the AUC in fact killed the persons listed below?

| Name | YES | NO |
|---|---|---|
| Carlos Arturo Palencia Sibaja | ✓ | |
| Albeiro Antonio Molina Roman | ✓ | |
| Miguel Angel Cardona Muñoz | ✓ | |
| Waynestey Machado Durango | | ✓ |
| Ceferino Antonio Restrepo Tangarife | ✓ | |
| Libardo de Jesus Villa Mora | ✓ | |
| Francisco de Jesus Jinete Sierra | ✓ | |
| Franklin Fabio Fontalvo Salas | ✓ | |
| Miguel Antonio Rodriguez Duarte | ✓ | |

If you answered "NO" for all of the foregoing persons, your deliberations are complete and you shall proceed to the signature page at the bottom of this Verdict Form.

If you answered "YES" for any of the foregoing persons, please proceed to Question 2. The remainder of your deliberations will be only for those persons for whom you answered "YES" to Question 1.

2

2. Did Plaintiffs prove, by a preponderance of the evidence, that Chiquita failed to act as a reasonable businessperson would have acted under the circumstances of this case?

_✓_   ____
YES   NO

If you answered "NO" to Question 2, your verdict is for Chiquita on the General Tort Liability Claim. Now proceed to Question 5.

If you answered "YES" to Question 2, proceed to Question 3.

3. Did the Plaintiffs prove by a preponderance of the evidence that Chiquita knowingly provided substantial assistance to the AUC in the form of cash payments or other means of support to a degree sufficient to create a foreseeable risk of harm to others, including that Plaintiff's relative?

_✓_   ____
YES   NO

If you answered "NO" to Question 3, your verdict is for Chiquita on the General Tort Liability claim. Now please procced to Question 5.

If you answered "YES" to Question 3, please indicate to which decedent(s) this finding applies:

Carlos Arturo Palencia Sibaja          _✓_   ____
                                       YES    NO

Albeiro Antonio Molina Roman           _✓_   ____
                                       YES    NO

Miguel Angel Cardona Muñoz             _✓_   ____
                                       YES    NO

Waynestey Machado Durango              ____   _✓_
                                       YES    NO

3

| | | |
|---|---|---|
| Ceferino Antonio Restrepo Tangarife | ✓ YES | ___ NO |
| Libardo de Jesus Villa Mora | ✓ YES | ___ NO |
| Francisco de Jesus Jinete Sierra | ✓ YES | ___ NO |
| Franklin Fabio Fontalvo Salas | ✓ YES | ___ NO |
| Miguel Antonio Rodriguez Duarte | ✓ YES | ___ NO |

Now please answer Question 4.

**4. Did Chiquita prove by a preponderance of the evidence that the assistance it provided to the AUC was the result of:**

a. An unlawful, present, immediate, and impending threat from the AUC of death or serious harm to Chiquita, its employees or property; and that

b. Chiquita's own negligent or reckless conduct did not create a situation where Chiquita was forced to provide assistance to the AUC; and that

c. Chiquita had no reasonable alternative to provide assistance the AUC?

___ YES      ✓ NO

If you answered "YES" to Question # 4, your verdict is for Chiquita on the General Tort Liability Claim.   Now proceed to Question 5.

If you answered "NO" to Question #4, you have found Chiquita liable to at least one Plaintiff on the General Tort Liability claim, and you will have to assess what damages, if any, to award the Plaintiff or Plaintiffs to whom you have found Chiquita liable.

Before addressing the question of damages for that Plaintiff or Plaintiffs, you must answer the Questions relating to Plaintiffs Hazardous Activity claim. Please proceed to answer Question # 5.

5. **Did Chiquita's assistance to the AUC constitute a hazardous activity which increased risk to members of the community beyond those to which members of the community were normally exposed?**

__✓__     _____
YES      NO

If your answer to this Question is No, your verdict on the Hazardous Activity claim is for Chiquita. If your verdict on the General Tort Liability claim was also for Chiquita, your deliberations are complete and you shall proceed to the signature page at the bottom of this Verdict Form.

If you answered YES to Question 5, please proceed to Question 6.

6. **Did the Plaintiffs prove by a preponderance of the evidence that in conducting a hazardous activity, Chiquita knowingly provided substantial assistance to the AUC to a degree sufficient to create a foreseeable risk of harm to others, including that Plaintiff's relative?**

__✓__     _____
YES      NO

If your answer to this Question is NO, your verdict is for Chiquita on the Hazardous Activity claim. If your verdict on the General Tort Liability claim was also for Chiquita, your deliberations are complete and you shall proceed to the signature page at the bottom of this Verdict Form.

If you answered YES to Question 6, please indicate to which decedent(s) this finding applies:

| Decedent | YES | NO |
|---|---|---|
| Carlos Arturo Palencia Sibaja | ✓ | |
| Albeiro Antonio Molina Roman | ✓ | |
| Miguel Angel Cardona Muñoz | ✓ | |

5

| | | |
|---|---|---|
| Waynestey Machado Durango | _____ YES | ✓ NO |
| Ceferino Antonio Restrepo Tangarife | ✓ YES | _____ NO |
| Libardo de Jesus Villa Mora | ✓ YES | _____ NO |
| Francisco de Jesus Jinete Sierra | ✓ YES | _____ NO |
| Franklin Fabio Fontalvo Salas | ✓ YES | _____ NO |
| Miguel Antonio Rodriguez Duarte | ✓ YES | _____ NO |

Now please answer Question 7.

7. Did Chiquita prove by a preponderance of the evidence that the assistance it provided to the AUC was the result of:

   a. An unlawful, present, immediate, and impending threat from the AUC of death or serious harm to Chiquita, its employees or property; and that

   b. Chiquita's own negligent or reckless conduct did not create a situation where Chiquita was forced to provide assistance to the AUC; and that

   c. Chiquita had no reasonable alternative to provide assistance the AUC?

   _____ YES   ✓ NO

If your answer to this Question is Yes, your verdict is for Chiquita on the Hazardous Activity claim. If your verdict on the General Tort Liability claim was also for Chiquita, your deliberations are complete and you shall proceed to the signature page at the bottom of this Verdict Form.

If your answer to this question is NO, please proceed to Question 8.

6

8. What damages (if any) did Plaintiffs prove by a preponderance of the evidence were suffered as a consequence of the death of the persons to whom you noted "YES" in either Question 3 or 6?

Note: The plaintiffs are listed below under the names of their relatives/decedents as they are listed in Question 3 and 6.

Carlos Arturo Palencia Sibaja:

| | |
|---|---|
| Victor Palencia Gomez (Father) | $ 2,400,000 |
| Decedent's Pre-Death Damages | $ 100,000 |

Albeiro Antonio Molina Roman:

| | |
|---|---|
| Janeth Rivera Vargas (Wife) | $ 2,100,000 |
| Nini Johana Molina Rivera (daughter) | $ 2,100,000 |
| Decedent's Pre-Death Damages | $ 0 |

Miguel Angel Cardona Muñoz:
| | |
|---|---|
| Gloria Eugenia Munoz (Mother) | $ 2,300,000 |
| Decedent's Pre-Death Damages | $ 0 |

Waynestey Machado Durango:

| | |
|---|---|
| Pastora Durango (Mother) | $ 0 |
| Decedent's Pre-Death Damages | $ 0 |

Ceferino Antonio Restrepo Tangarife:

| | |
|---|---|
| Ana Ofelia Torres Torres (Wife) | $ 2,700,000 |
| Decedent's Pre-Death Damages | $ 0 |

Libardo de Jesus Villa Mora:

| | |
|---|---|
| Luz Marina Villa Correa (Daughter) | $ 2,600,000 |
| Luis Anibal Villa Correa (Son) | $ 2,600,000 |
| Leopoldo Villa Maza (Son) | $ 2,600,000 |

Norela Villa Quintero (Daughter)     $ 2,600,000
Fabio Villa Quintero (Son)           $ 2,600,000
Diana Villa Hoyos (Daughter)         $ 2,600,000
Arelis Villa Hoyos (Daughter)        $ 2,600,000
Decedent's Pre-Death Damages         $ ~~2,600,000~~  0.00

Francisco de Jesus Jinete Sierra:

Mariela Isabel Sierra Soto (Mother)       $ 2,000,000
Lina Maria Berdugo Lechuga (Wife)         $ 2,000,000
Decedent's Pre-Death Damages              $ 0

Franklin Fabio Fontalvo Salas:

Juvenal Enrique Fontalvo Camargo (Father)   $ 2,100,000
Decedent's Pre-Death Damages                $ 0

Miguel Antonio Rodriguez Duarte:

Nancy Mora Lemus (Wife)              $ 2,100,000
Decedent's Pre-Death Damages         $ 200,000

Your deliberations are complete and you shall proceed to the signature page at the bottom of this Verdict Form.

SO SAY WE ALL this __10th__ day of __June__ 2024.

_____          _____
Foreperson's Signature           Foreperson print name