UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA/REINHART

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

**This Document Relates to:**
ATS ACTIONS
_____/
07-60821-CIV-MARRA (*Carrizosa*)
08-80421-CIV-MARRA (N. J. Action) (*Does 1-11*)
08-80465-CIV-MARRA (D.C. Action) (*Does 1-144*)
08-80508-CIV-MARRA (*Valencia*)
08-80480-CIV-MARRA (*Manjarres*)
10-60573-CIV-MARRA (*Montes*)
17-81285-CIV-MARRA (D.C. Action) (*Does v Hills*)
18-80248-CIV-MARRA (*John Doe 1*)
_____/

## ORDER ON LIMITATION OF DAMAGES

THIS CAUSE is before the Court following verdicts favorable to Non-Wolf Plaintiffs ("Plaintiffs") which Defendant Chiquita Brands International ("Defendant") argues exceed Colombian law limitations and should, accordingly, be precluded. The Court previously reserved ruling on this limitations issue until after the verdicts were rendered.[1] The Court has considered the parties' briefing and oral argument on this matter (DEs 3490, 3523, 3539, 3603) and is otherwise fully advised in the premises.

---

[1] DE 3620 at 6.

I. Background and Discussion.

The Court assumes familiarity with the record. Most recently, on June 10, 2024, a jury awarded sixteen Bellwether Plaintiffs verdicts totaling over thirty-eight million dollars, with each Plaintiff's award being at or above two million dollars (DE 3811 at 7-8).

Defendant posits that there is a limit under Colombian law on the amount of non-material damages that may be recovered at trial, and that Plaintiffs are therefore precluded from recovering more in damages on their Colombian law claims than they would be permitted to recover in Colombia (DE 3490 at 17-18; DE 3603 at 141-42). Plaintiffs' verdicts exceed these putative Colombia law limitations.

The parties do not dispute that there are two types of non-material damages under Colombian law at issue in this case: (i) moral damages and (ii) loss of relation damages. Defendant, through its expert's supplemental report, asserts that the current limitation on moral damages, which include pain and suffering and emotional distress that the victim suffered, is COP[2] $72,000,000, and the limitation on loss of relation damages, which include relatives' loss of consortium with the victim, is COP $140,000,000 (DE 3490-1 at 2-4). Defendant argues that these limits are part of the Colombian substantive law of non-contractual damages, and that the Colombian Supreme Court has determined the parameters of non-material damages under Article 2341, which is binding upon this Court (DE 3490 at 17-18). In support, Defendant cites *Wainwright* v. *Goode*, 464 U. S. 78, 84 (1983) (a criminal case); *CSX Transp., Inc. v. General Mills, Inc.*, ___ F.4th ___, 2023 U.S. App. LEXIS 26504, *23 n.6 (11th Cir. 2023) (a breach of

---

[2] COP = Colombian Pesos.

contract case);[3] *Blue Cross & Blue Shield of Ala., Inc. v. Nielsen*, 116 F.3d 1406, 1413 (11th Cir. 1997);[4] and compares *Robinson & Co. v. Belt*, 187 U.S. 41, 47 (1902).[5] Defendant's expert states that the "permitted maximum amounts *are not statutory*, but rather set by precedent of the Supreme Court," the amounts are "not mere guides or suggestions, but rather probable doctrine," and that "exceeding the applicable limits would be reversed on appeal in Colombia" (DE 3490-1 ¶¶ 9, 12) (emphasis added). The Colombia cases appended to the expert's opinion, as interpreted by Defendant's translator, state the opposite: an amount granted for "life of relation" damages "does not serve as a limit or maximum cap for this type of damages; it is simply a reference" (DE 3490-1 at 13 (*Supreme Court, Civil Cassation Chamber. Ruling of December 9, 2013, file 88001-31-03-001-2002-00099-01., page 34*); and DE 3490-1 at 14 (*Supreme Court. Ruling of November 17, 2011, file 1999-533, page 50*), stating

> It is important to understand that is *not about applying monetary correction or indexation to the limits* previously set by the Court, since moral damages do not allow monetary correction, instead, it intends to adjust the amount of the reparation *as a reference or guideline* for judges to meet nowadays requirements, without inexplicable and inconvenient differences between a case if it is within a specific jurisdiction, therefore the final amount of the damages must be set by the judge, in accordance with the particular circumstances and considering his own criteria (*arbitrium judicis*) (first and second emphases added).

Plaintiffs agree that no Colombia *law* provides limits on the amount of recoverable non-economic tort damages (DE 3523 at 18; DE 3523-11 ¶ 4). Under choice of law principles, however,

---

[3] Citation appears to refer to *CSX Transportation, Inc. v. Gen. Mills, Inc.*, 82 F.4th 1315 (11th Cir. 2023).

[4] A case construing state laws governing the relationship between insurers and health care providers in the same state. *Id*. at 1407.

[5] An assignment for the benefit of creditors case, which states that "[i]n more than one case we have had occasion to hold that, *if a foreign statute* be adopted in this country, the decisions of foreign courts in the construction of such statute should be considered as incorporated into it." *Id*. at 46-47 (emphasis added).

Plaintiffs rely on *Foster v. United States*, 768 F.2d 1278, 1283 (11th Cir. 1985) for their argument that even if there were a "doctrinal" cap, "'a limit on recovery should not be applied when there is no domiciliary defendant because it advances no policy behind the limitation'" (DE 3523-11 ¶ 6, DE 3523 at 18-19). Because Defendant is not a Colombian domiciliary, Plaintiffs argue further, even if there was a cap on wrongful death moral damages, it should not apply because Colombia has no interest in protecting Chiquita from a large damages award in favor of its injured domiciliaries (Plaintiffs herein) (DE 3523 at 19; *see also* DE 3603[6] at 144-50). Defendants do not provide any legal authority to rebut the *Cortes* or *Foster* cases on which Plaintiffs rely.

Further, Plaintiff's expert asserts that Colombia's Congress "has only established caps for recovery of non-objectifiable moral damages in criminal jurisdiction, leaving such recovery in civil and contentious-administrative uncapped and subject to the rule of comprehensive recovery established in article 16 of Law 446 of 1998" (DE 3523-11 ¶ 14; *id*. at ¶¶ 4, 26 (quoting article 16 of Law 446 of 1998, which refers to "comprehensive compensation," and ¶ 27). Defendant's experts similarly recognize that "if the existence of a harm is proven but it is impossible to determine the extent of damages, the Judge, pursuant to article 16 of Law 446 of 1998, is obligated to rule in equity, providing the most appropriate indemnification possible for the harm suffered by the victim," that "[b]y law, civil, criminal and administrative courts in Colombia are required to award damages that *fully compensate* the claimant for the injury suffered" (DE 502-8 (Tamayo Decl.) ¶ 30) (emphasis added), and that "reparation of the victim must be complete" (DE 2283-1 (Expert Report - Santos) at 4 (citing Article 16. Law 446 of 1998)).

---

[6] Transcript of Pretrial Conference, March 25, 2024, also citing *Cortes v. Am. Airlines, Inc.*, 177 F.3d 1272 (11th Cir. 1999).

II. Conclusion.

The Court finds, based on the record and argument, that Colombia law does not provide for caps, or limitations, on non-monetary damages as to the instant civil tort matter. Further, even if there were caps, as Chiquita is a non-Colombian domiciliary, such caps would not apply to it. *Cortes v. Am. Airlines, Inc.*, 177 F.3d 1272, 1300 (11th Cir. 1999). Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Omnibus Motion in Limine on the issue of a limitation of damages [**DE 3490** at "M," pp. 17-18] is **DENIED**. The remainder of the Court's rulings as to DE 3490, *i.e.*, [**DE 3620**] remain in full force and effect unless revised by the Court during trial or by later Court order. Further, based on the foregoing, Defendant's Motion to Reduce Damages [**DE 3855**], and Plaintiffs' Motion to File Surreply [**DE 3892**] are **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 18th day of October, 2024.

KENNETH A. MARRA
United States District Judge

cc: All counsel