UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-MD-01916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates to:

ATS ACTIONS

17-80547-CIV-MARRA (Does 1-205 Ohio Action)
17-80323-CIV-MARRA (Does 1-205 Florida Action)
20-82222-CIV-MARRA (Jane Doe 24 Florida Action)
21-60058-CIV-MARRA (Jane Doe 24 Ohio Action)
_____/

**ORDER**[1]

This cause is before the Court upon "New Jersey" Plaintiffs' Rule 60(b)(2) Motion for

Relief from Final Judgment and Request for Indicative Ruling under Rule 62.1(A) (DE 3909)

and Defendants' Motion to Strike "New Jersey" Plaintiffs' Rule 60(B)(2) Motion for Relief from

Final Judgment and Request for Indicative Ruling under 62.1(A) (DE 3924).  The Court has

carefully considered the Motions and is otherwise fully advised in the premises.

The "New Jersey" Plaintiffs (hereinafter, "Plaintiffs") seek relief under Rule 60(b)(2) of

the Federal Rules of Civil Procedure based on allegedly newly discovered evidence which they

claim establishes state action with respect to the AUC killings asserted in Plaintiffs' Third

Amended Complaint ("TAC"). Plaintiffs contend they meet the requirements under Rule

60(b)(2) because: (1) the evidence was discovered after final judgment was issued and all the

---

[1] The Court presumes familiarity with its prior Orders and the history of the case.

evidence was discovered after the TACs were filed; (2) Plaintiffs exercised due diligence in discovering new evidence and (3) the new evidence is non-cumulative, highly material, and would likely produce a new result on state action if considered by the Court.

Defendants respond that the motion is not timely because it was filed more than one year after the judgment and Plaintiffs failed to file within a "reasonable time" of discovering the allegedly new evidence.  Defendants also challenge Plaintiffs' assertion that the evidence is newly discovered. Defendants claim that Plaintiffs were not diligent in identifying the alleged new evidence. Lastly, Defendants state that none of the evidence cited by Plaintiffs would change the judgment.

In reply, Plaintiffs state that the new evidence would likely produce a different result. Plaintiffs state the motion is timely because they filed it within one year of the operative judgment and filed their evidence within a reasonable time after discovering it.  Plaintiffs also state that much of the evidence is newly discovered and all of it was filed after the TACs were filed.  Finally, Plaintiffs claim they exercised due diligence.

Under Rule 60(b)(2) of the Federal Rules of Civil Procedure, the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).  The motion "must be made within a reasonable time [ ] and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A court must not extend the time to act under Rule 60(b). Fed. R. Civ. P. 6(b)(2).

If a motion is timely submitted, the movant must satisfy the following elements: "(1) the evidence must be newly discovered since the trial [or final judgment or order]; (2) due diligence

on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial [or reconsideration of the final judgment or order] would probably produce a new result." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014).

Federal Rule of Civil Procedure 62.1 permits a court to issue an indicative ruling on a motion over which it has no jurisdiction because of a pending docketed appeal. This provision provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1.

Eleventh Circuit Rule 12.1-1 (a), titled "Indicative Ruling by the District Court," requires a party to file a motion to stay in the Eleventh Circuit within fourteen days of filing the motion for indicative ruling. 11th Cir. R. 12.1-1(a) ("A party who files a motion in the district court that the district court lacks authority to grant because an appeal is pending must, within 14 days after filing the motion, serve and file a motion in this court to stay the appeal until the district court rules on the motion before it.")

After careful review, the Court denies the motion.[2] First, it is questionable whether the Court has jurisdiction to entertain the motion because Plaintiffs failed to move timely in the

---

[2] In deciding Defendant's Motion for an indicative ruling, the Court assumes the motion was filed within one year of the entry of the final judgment.

Eleventh Circuit for a stay of the pending appeal.  Plaintiffs filed the motion for an indicative

ruling on October 28, 2024. Thus, Plaintiffs were required to file a motion to stay in the Eleventh

Circuit by November 12, 2024. 11th Cir. R. 12.1-1(a). Plaintiffs failed to do so, rending this

Court without jurisdiction to grant the motion for indicative relief. *See Iou Cent., Inc. v. Premier*

*Metals Recovery LLC*, 594 F. Supp. 3d 1350, 1352 (N.D.  Ga. 2022) ("Plaintiff never moved to

stay its appeal in accordance with Rule 12.1-1(c). Therefore, this Court should have denied

Plaintiffs' motion for reconsideration for lack of jurisdiction."); *Stevens v. United States*, No.

1:11-CR-40-ODE-AJB-1, 2012 WL 4403989, at *2 (N.D. Ga. Aug. 27, 2012), *report and*

*recommendation adopted*, No. 1:11-CR-040-0DE-AJB, 2012 WL 4407553 (N.D. Ga. Sept. 21,

2012) ("There is no indication in the record that Movant has filed the appropriate motion in the

Eleventh Circuit to stay his appeal to allow this Court to rule on his motion to vacate his plea and

sentences for aggravated identity theft. . . . Accordingly, this Court lacks jurisdiction over

Movant's motion. . . ."); *see also Franken v. Mukamel*, 449 F. App'x 776, 779 n.2 (11th Cir.

2011) (denying remand to the district court on the basis of "newly discovered evidence" where

the moving party failed to request a timely stay as required by Rule  12.1-1(a)).

Even assuming that the Court has the ability to consider the motion, the Court denies the

motion on the merits.  Simply put, the information on which Plaintiffs rely for the indicative

ruling is not newly discovered. Exhibits 3, 4, 7 and the proposed report were discovered before

the judgment was entered. *See Gundotra v. U.S. Dep't of I.R.S.*, 160 F. App'x 834, 836 (11th Cir.

2005) ("[E]vidence cannot be 'newly discovered' under Rule 60 if it is in the possession of the

moving party or that party's attorney prior to the entry of judgment."). Furthermore, exhibits 1, 2,

3, 4, 5, 7 and the proposed report were publicly available prior to the judgment being entered.

*See United States v. Barroso*, 719 F. App'x 936, 940 (11th Cir. 2018)

("[W]e do not consider evidence available in the public records to be newly discovered.").  Nor were Plaintiffs diligent in identifying exhibits 1, 2, 3, 4, 5, and 7.  *See Kissinger-Campbell v. C. Randall Harrell, M.D., P.A.*, 418 F. App'x 797, 805 (11th Cir. 2011) ("the claim lacks merit because the Defendants did not exercise due diligence.")

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

1) Plaintiffs Rule 60(b)(2) Motion for Relief from Final Judgment and Request for Indicative Ruling under Rule 62.1(A) (DE 3909) is **DENIED**.

2) Defendants' Motion to Strike "New Jersey" Plaintiffs' Rule 60(B)(2) Motion for Relief from Final Judgment and Request for Indicative Ruling under 62.1(A) (DE 3924) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of December, 2024.

KENNETH A. MARRA
United States District Judge