08UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-MD-01916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates to:

ATS ACTIONS

17-80547-CIV-MARRA (Does 1-205 Ohio Action)
17-80323-CIV-MARRA (Does 1-205 Florida Action)
20-82222-CIV-MARRA (Jane Doe 24 Florida Action)
21-60058-CIV-MARRA (Jane Doe 24 Ohio Action)
_____/

## ORDER

This cause is before the Court upon Plaintiffs' Motion for Entry of an Amended Final Judgment (DE 3911).  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Plaintiffs seek to amend the final judgment to include pre-judgment interest from the date of the jury's verdict through the date the final judgment was entered. Plaintiffs seek this relief under Rule 59(e) of the Federal Rules of Civil Procedure.[1] Plaintiffs rely on federal law to argue that the decision to award prejudgment interest is discretionary and within a court's equitable powers to provide full and complete compensation.

As Defendant correctly points out, prejudgment interest in diversity cases is governed by state law. *Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1192 (11th Cir. 2023). The Florida

---

[1] A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

Supreme Court[2] has expressly held that such relief is prohibited: "[O]n the issue of whether a plaintiff in a personal injury case may recover interest from the date of the verdict through the date of the judgment . . . we hold that interest is not recoverable until judgment is entered." *Amerace Corp. v. Stallings*, 823 So.2d 110, 111 (Fla. 2002); *see also Ford Motor Co. v. Jimenez*, 870 So.2d 831, 832-33 (Fla. Dist. Ct. App. 2003) ("As we read *Amerace*, it establishes a black letter rule that interest is not awardable prior to entry of judgment."); *Goss v. Permenter*, 827 So.2d 285, 289 (Fla. Dist. Ct. App. 2002) ("The judgments award interest from the date of the verdict. However, the Florida Supreme Court has recently determined that a personal injury plaintiff cannot recover interest from the date of the verdict. It must be from the date of the judgment.") (citing *Amerace*). In a diversity case, this Court must follow state law governing the award of interest.[3] *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entry of an Amended Final Judgment (DE 3911) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of December, 2024.

KENNETH A. MARRA
United States District Judge

---

[2] "In matters of state law, federal courts are bound by the rulings of the state's highest court." *Veale v. Citibank*, F.S.B., 85 F.3d 577, 580 (11th Cir. 1996).

[3] The Court rejects the state cases upon which Plaintiffs rely because they are not personal injury cases.